AO 91 (Rev. 08/09)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| | |
|---|---|
| United States of America<br>v.<br>DIEGO ARCON-LOPEZ,<br>a/k/a Aron D. Lopez,<br><br>*Defendant(s)* | )<br>)<br>)  Case No.  13-8015-DLB<br>)<br>)<br>) |

FILED by _____ D.C.
JAN - 9 2013
STEVEN M. LARIMORE
CLERK U.S. DIST. CT.
S.D. OF FLA. - W.P.B.

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.
On or about the date(s) of      January 7, 2013      in the county of      Palm Beach      in the
   Southern    District of    Florida   , the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 8 U.S.C. Section 1326(a) and (b)(1) | Illegal Reentry after Deportation. |

This criminal complaint is based on these facts:
See Attached Affidavit.

☑ Continued on the attached sheet.

_____
*Complainant's signature*

   Andy Korzen, Deportation Officer, ICE   
*Printed name and title*

Sworn to before me and signed in my presence.

Date:   1-9-2013  

_____
*Judge's signature*

City and state:     West Palm Beach, Florida         U.S. Magistrate Judge Dave Lee Brannon
*Printed name and title*

## UNITED STATES v. DIEGO ARCON-LOPEZ
## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Andy Korzen, being duly sworn, depose and state as follows:

1. I am a Deportation Officer of the United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) and have been so employed for over nine years. I am currently assigned to the Enforcement and Removal Operations, Criminal Alien Program, Stuart, Florida. As a Deportation Officer with ICE, my duties and responsibilities include enforcing criminal and administrative immigration laws of the United States. I have also conducted and participated in investigations of this nature.

2. This affidavit is based upon my own knowledge as well as information provided to me by other law enforcement officers. This affidavit does not set forth every fact known to me regarding the investigation but only those facts necessary to establish probable cause to believe that Diego ARCON-LOPEZ, also known as Aron D LOPEZ committed the offense of illegal re-entry after deportation, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

3. On or about January 7, 2013, Diego ARCON-LOPEZ was arrested in Palm Beach County, Florida on charges of trespassing of a structure and disorderly intoxication. He was booked and detained at the Palm Beach County Jail. Upon booking, his fingerprints were entered into the IAFIS system with a positive match for an individual previously removed from United States, that is Diego ARCON-LOPEZ.

4. On or about January 8, 2013, your affiant reviewed the immigration alien file assigned to Diego ARCON-LOPEZ. Records within this alien file assigned to Diego ARCON-LOPEZ show that he is a native and citizen of Guatemala. Records further show that on or about January 31, 2005, Diego ARCON-LOPEZ was ordered removed

1

from the United States. The Order of Removal was executed on or about June 17, 2009, whereby Diego ARCON-LOPEZ was removed from the United States to Guatemala.

5. Additional records obtained by your affiant show that on or about May 28, 2009, in the Circuit Court of the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Diego ARCON-LOPEZ was convicted of escape, 2-nd degree felony in case in case number 2009CF004884A.

6. Border Patrol Fingerprint Expert Richard Abbott conducted fingerprint comparison in this case. The fingerprint comparison confirmed that the individual encountered on January 7, 2013, that is, Diego ARCON-LOPEZ, was the same person previously removed from the United States on or about June 17, 2009.

7. Your affiant performed a record check in the Computer Linked Application Informational Management System (CLAIMS) to determine if Diego ARCON-LOPEZ filed an application for permission to reapply for admission into the United States after deportation or removal. After a diligent search was performed in that database system, no record was found to exist indicating that Diego ARCON-LOPEZ obtained consent from the Attorney General of the United States or from the Secretary of Homeland Security, for re-admission into the United States as required by law. Certificate of Non-Existence of Record has been requested from Bureau of Citizenship and Immigration Services.

8. Based on the foregoing, your affiant avers that there exists probable cause to believe that, on or about January 7, 2013, Diego ARCON-LOPEZ, also known as Aron D LOPEZ, an alien who has previously been deported and removed from the United States, was found in the United States without having received the express consent from

the Attorney General or the Secretary of the Department of Homeland Security for re-admission into the United States, in violation of Title 8, United States Code, Section 1326(a) and (b)(1).

_____
Andy Korzen
Deportation Officer
Immigration and Customs Enforcement

Subscribed and sworn to before me
this ___9th___ day of January, 2013.

_____
DAVE LEE BRANNON
UNITED STATES MAGISTRATE JUDGE

3

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

No.   13-8015-DLB

UNITED STATES OF AMERICA

vs.

DIEGO ARCON-LOPEZ,
a/k/a "Aron D. Lopez,"

   Defendant.
_____/

## CRIMINAL COVER SHEET

1. Did this matter originate from a matter pending in the Northern Region of the United States Attorney's Office prior to October 14, 2003?   _____ Yes   _X_ No

2. Did this matter originate from a matter pending in the Central Region of the United States Attorney's Office prior to September 1, 2007?   _____ Yes   _X_ No

Respectfully submitted,

WIFREDO A. FERRER
UNITED STATES ATTORNEY

BY:   _____
EMALYN WEBBER
ASSISTANT UNITED STATES ATTORNEY
Emalyn.Webber@usdoj.gov
Florida Bar No. 407501
500 S. Australian Avenue, Suite 400
West Palm Beach, FL 33401-6235
Tel:  (561) 820-8711
Fax: (561) 820-8777